# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENA A. PAUL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:02-cv-535-Orl-28JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** **MOTION TO REOPEN CASE (Doc. No. 46)**
>
> **FILED:** **November 29, 2006**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion should be **DENIED**.

> **MOTION:** **MOTION FOR LEAVE TO FILE SUPPLEMENTAL AMENDED COMPLAINT (Doc. No. 47)**
>
> **FILED:** **November 29, 2006**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion should be **DENIED**.

Plaintiff Rena Paul ["Paul"] filed her complaint in this action in March 2002, seeking to appeal the decision of the Commissioner of Social Security [the "Commissioner"] to deny her disability insurance and supplemental security income benefits. Docket No. 1. On October 14, 2003, the district

court reversed and remanded the case to the Commissioner pursuant to sentence four and sentence six of 42 U.S.C. § 405(g). Docket No. 30; *see also* Docket No. 28 at 19. The Clerk entered judgment in favor of Paul, and closed the case. Docket No. 31. On remand, the Commissioner again denied Paul's claim for benefits. Paul now asks the Court to reopen the case "[t]o regain jurisdiction under Sentence Four," and allow her to file a supplemental complaint. Docket Nos. 46, 47.

**I.  THE LAW**

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090 - 91 (remand appropriate where Administrative Law Judge ["ALJ"] failed to develop a full and fair record of claimant's residual functional capacity); *accord, Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment). On remand under

sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (ALJ should consider on remand the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson*, 99 F.3d at 1090 - 92; *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *see also*, *Keeton v. Dept. of Health and Human Serv.*, 21 F.3d 1064, 1068 (11th Cir. 1994).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson*, 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson*, 99 F.3d at 1095. Sentence six further provides that the Commissioner:

> shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Id.*

The United States Court of Appeals for the Eleventh Circuit has specifically addressed the jurisdiction of the district court after a remand pursuant to both sentence four and sentence six. In *Jackson*, the Eleventh Circuit stated:

> [W]hat happens with a dual basis remand is that the district court retains jurisdiction over the case pursuant to sentence six of § 405(g). The statute provides that a district court must retain jurisdiction over a case remanded for consideration of additional evidence. The entry of judgment remanding the case does not end the jurisdiction of the district court, so long as a sentence-six ground for remand is included in the remand order.

*Jackson*, 99 F.3d at 1097.

## II.     APPLICATION

### A.     Procedural History

Paul filed her complaint in this action in May 2002, seeking to appeal the decision of the Commissioner to deny her disability insurance and supplemental security income benefits. Docket No. 1. In her complaint, Paul asked the district court to remand the case because the Commissioner's decision was not supported by substantial evidence and based upon the application of the wrong legal standards; and because the Administrative Law Judge ["ALJ"] did not afford her a full and fair hearing. *Id.* at 1.

On May 12, 2003, Paul filed a motion in which she asked the Court to compel the Commissioner to produce a copy of the brief she filed with the Appeals Council. Docket No. 19. According to Paul, she filed the brief with the Appeals Council on March 28, 2002, but the brief was not included in the certified administrative record. *Id.* The Court subsequently granted the Commissioner an extension of time through June 23, 2003 to respond to Paul's motion to compel. Docket Nos. 20, 22.

On May 22, 2003, Paul filed her memorandum in opposition to the Commissioner's decision. Docket No. 21. In her memorandum, Paul argued that: 1.) the cassette tape of Paul's hearing before the ALJ was inaudible, and therefore that the ALJ's decision and findings were not based on substantial evidence; 2.) the ALJ erred by failing to call a vocational expert in light of Paul's severe non-exertional impairments; 3.) in light of the inaudible hearing tape and credible medical evidence in the record supporting Paul's subjective complaints, the ALJ erred by finding Paul's testimony not credible; 4.) the ALJ erred by affording more weight to the opinions of a consultative examining physician than the opinions of two treating physicians; 5.) the ALJ erred by failing to consider an earlier onset date of disability; and 6.) the ALJ should have contacted Paul's treating physicians prior to requesting consultative examinations. Docket No. 21. Paul sought reversal and remand with direction to the Commissioner to award benefits, or in the alternative, a remand, due to these errors. *See id.* at 22. Paul did not specifically state whether she sought remand pursuant to sentence four or sentence six of 42 U.S.C. § 405(g).

On June 6, 2003, the Commissioner filed an opposed motion to remand the case pursuant to *sentence six* of § 405(g). Docket No. 23 at 1 - 2. The Commissioner explained that the hearing tape

-5-

was inaudible, and stated that the Commissioner wished to remand this case to an ALJ for a *de novo* hearing. *Id.* at 2.

Paul opposed the motion. Docket No. 24. In her memorandum in opposition, Paul argued that remand was inappropriate because "[t]he Court on the record before it has enough evidence to reverse the Commissioner's final decision and remand for an award of benefits based on [Paul's] Brief." *Id.* at 1. Paul noted that further delay of her case would be unfair (as she first filed her application for benefits around January 1996); that the Commissioner (through the Appeals Council) had already purported to reject Paul's argument that the tape was inaudible; and that a *de novo* ALJ hearing was unnecessary "when the Court can decide the case now." *Id.* at 1 - 2. In her memorandum, Paul also included a motion in which Paul asked the Court: 1.) to order interim benefits to be paid to Paul in the event of a remand pursuant to *sentence six* of § 405(g) due to the inaudible hearing tape; or, in the alternative, 2.) to reverse and remand for an award of benefits pursuant to *sentence four* of § 405(g) because "the evidence in the record as a whole indicates that [Paul] is disabled." *Id.* at 2 - 4.

The Court initially denied the motion to remand, stating that "[n]o reasons [were] given for remand." Docket No. 25. The Commissioner subsequently filed a motion for reconsideration of the order on the motion to remand. Docket Nos. 26. In the motion for reconsideration, the Commissioner admitted that the Appeals Council received but did not consider Paul's March 28, 2002 brief, and "as a result, had not given full consideration to [Paul's] claim." *Id.* at 3. The Commissioner stated that the certified administrative record was incomplete because of the failure to include the March 28, 2002 brief and because of the inaudible hearing tape. *Id.* The Commissioner asked the Court to remand the case pursuant *sentence six* of 42 U.S.C. § 405(g), noting "[a] sentence 6 remand means that this

Court will retain jurisdiction over the case." *Id.* The Commissioner also stated that she "wishe[d] to take further administrative action by holding another hearing that would allow [Paul] to testify and to submit any additional evidence for the Commissioner's consideration, including the arguments contained in the March 28, 2002[ ] memorandum, if applicable." *Id.* at 3 - 4. The Commissioner further opposed Paul's motion for interim benefits and request for reversal and remand. *Id.* at 5 - 13. The Court granted the Commissioner's motion for reconsideration, and stated that a memorandum of decision would soon follow. Docket No. 27.

On July 2, 2003, the undersigned entered a Report and Recommendation, recommending reversal of the Commissioner's decision and remanding the case pursuant to *both* sentence four and sentence six of § 405(g). Docket No. 28. The undersigned observed that the parties agreed that remand was appropriate based on the inaudible hearing tape, and that while Paul argued for reversal in her opposition to the Commissioner's motion to remand, Paul's memorandum argued that the inaudible tape should serve as grounds for remand because the record was incomplete. *Id.* at 15. In the Report and Recommendation, the undersigned found other errors upon review of the ALJ's written decision (aside from the issue of the incomplete record due to the inaudible hearing tape). *Id.* at 15 - 19. The undersigned observed that: 1.) the ALJ (and the Commissioner) did not make every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist, despite Plaintiff's allegations of a significant intellectual defect; 2.) the reasons provided by the ALJ for finding Paul not credible were not specific and adequate reasons; and 3.) that the ALJ erred in his evaluation of the treating physicians' opinions. *Id.* The undersigned also rejected Paul's argument that the ALJ erred by failing to consider an earlier onset date. *Id.* at 18. The undersigned observed that Paul failed to

demonstrate or raise the issue before the ALJ, but stated that Paul was "free to raise the issue before the ALJ" on remand. *Id.* at 18 - 19. On the same day, the Court also denied Paul's motion to compel production of the March 28, 2002 brief as moot in light of the Report and Recommendation recommending reversal and remand. Docket No. 29.

On October 14, 2003, the Honorable John Antoon, II adopted and confirmed the Report and Recommendation, and reversed the decision of the Commissioner and remanded the case for further proceedings consistent with the Report and Recommendation. Docket No. 30. The Clerk entered judgment, and closed the case on October 14, 2003. Docket No. 31.

On November 29, 2006, Paul filed a complaint against the Commissioner under a new case number. *See Paul v. Comm'r of Soc. Sec.*, 6:06-cv-1818-Orl-19JGG, Docket No. 1. In this complaint, Paul recounts the procedural history of her 2002 case, stating that after reversal and remand, an ALJ held a new hearing and then issued an unfavorable decision. *Id.* at 2 - 3. Paul further requests that the Court reverse or remand the case because the Commissioner's decision on remand is not supported by substantial evidence and not based on correct legal standards, and because the ALJ did not give Paul a full and fair hearing. *Id.* at 3.

The same day she filed her new civil action, Paul also filed two motions now pending before the Court under the original 2002 case number: 1.) a Motion to Reopen the Case [Docket No. 46], and 2.) and Motion for Leave to File a Supplemental First Amended Complaint [Docket No. 47]. In her motion to reopen the case, Paul states that when the Court remanded her case pursuant to sentence four of 42 U.S.C. § 405(g), "it lost jurisdiction to decide Sentence Four matters." Docket No. 46 at 1. Paul asks that the Court reopen the case in order to "regain jurisdiction and rule on the Commissioner's

-8-

denial through [the ALJ on remand]." *Id.* at 3.  In her motion for leave to file a supplemental complaint, Paul asserts that upon remand, the ALJ did not comply with Judge Antoon's October 14, 2003 order reversing and remanding the case and adopting the undersigned's July 2, 2003 Report and Recommendation.  Docket No. 47.  Paul therefore requests leave to file an amended complaint to supplement her original 2002 complaint.  *Id.*  Paul also submitted a proposed amended complaint in which she identifies the issues addressed in the undersigned's July 2, 2003 Report and Recommendation, and asserts that the ALJ "did not conform with the mandate of the . . . Report and Recommendation . . ."  Docket No. 47-2 at 2.  The amended complaint further asks that the Commissioner file a supplemental transcript with the Court, and seeks Court review of the Commissioner's decision after remand.  Docket No. 47-2 at 5.

The Commissioner has filed a memorandum in opposition to Paul's motions.  Docket No. 50.  According to the Commissioner, a district court loses jurisdiction after a remand pursuant to sentence four of 42 U.S.C. § 405(g), and "[a]s this Court entered judgment in this case on October 14, 2003 . . . it was divested of jurisdiction over this case and renewal of such jurisdiction is not permitted."  *Id.* at 2.  The Commissioner further claims that Paul's appropriate recourse is to file a new civil action, and that as Paul initiated a new case on November 29, 2006 under the new case number, her amended complaint is unnecessary.  *Id.* at 3.  The Commissioner concludes that "[i]n the new civil action, Plaintiff is permitted to argue the issues she raises in her supplemental first amended complaint."  *Id.*

**B.    Analysis**

Both parties incorrectly argue that the Court "lost" jurisdiction after remanding the case.  As the Court reversed and remanded the case under *both* sentence four and sentence six of 42 U.S.C. §

405(g) (*see* Docket Nos. 28 at 19, 30 at 1 - 2), the Court retained jurisdiction over this case. In fact, in arguing for remand (prior to closure of this case), the Commissioner specifically urged this Court to remand the case pursuant to sentence six, and noted that a sentence six remand "means that this Court will retain jurisdiction over the case." Docket No. 26 at 3.

However, in her motions now before the Court, Paul only discusses the Court's remand pursuant to sentence four. *See* Docket Nos. 46, 47. Further, Paul's proposed supplemental amended complaint does not raise any sentence six issues. *See* Docket No. 46-2. On remand, the ALJ held a *de novo* hearing, and as the Appeals Council did not review the ALJ's decision after remand, the August 3, 2006 decision of the ALJ is the final decision of the Commissioner. The inaudible hearing tape and the failure to include the March 28, 2002 brief to the Appeals Council are therefore no longer at issue. Further, the Commissioner has admitted that Paul may argue the issues raised in the proposed supplemental complaint in Paul's new case, *Paul v. Comm'r of Soc. Sec.*, 6:06-cv-1818-Orl-19JGG. Requiring the parties to return to the Court to file modified findings of fact and a transcript of the additional record and testimony (which will be filed under the 2006 case number) is unnecessary. In light of the lack of sentence six issues and the fact that Paul may raise all of her proposed issues under her new case number, the undersigned recommends that the Court decline to exercise jurisdiction over this 2002 case.

Accordingly, it is

**RECOMMENDED** that Plaintiff's Motion to Reopen Case [Docket No. 46] and Plaintiff's Motion for Leave to File a Supplemental Amended Complaint [Docket No. 47] be **DENIED**.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on January 24, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties